IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

JESSICA PLATERO,

    Plaintiff,

v.                                                     No. CIV 01-1318 BB/WWD

JEFF BAUMER, DAVID SANDERS,
and WILLIAMS FIELD SERVICES,

    Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DISMISSING DEFENDANT BAUMER

**THIS MATTER** is before the Court on the motion of Defendant Jeff Baumer seeking to dismiss the complaint against him individually under Federal Rule of Civil Procedure 12(b)(6), and the Court having considered the briefs submitted, finds the motion well taken and it should be GRANTED.

### *Discussion*

*Facts*

Plaintiff Jessica Platero is a former employee of Williams Energy Services, f/k/a Williams Field Services ("WES"). Plaintiff began working for WES in 1981. In 1995, she was promoted to field office administrator. WES terminated Plaintiff's employment effective June 2, 2000, as part of a company-wide reduction-in-force.

Following Plaintiff's termination, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated Plaintiff's allegations of discrimination and issued a determination. Plaintiff then filed this lawsuit, *pro se*, seeking damages from WES and Defendant Jeff Baumer ("Baumer")

### *Title VII Claim*

Plaintiff's first cause of action against Baumer is a Title VII claim. 42 U.S.C. § 2000e *et seq*. Plaintiff's Title VII claim fails to state a claim because individuals cannot be sued under Title VII in their individual capacity. In the Tenth Circuit, it is well established that personal capacity suits against individual supervisors are inappropriate under Title VII and must be dismissed. *Haynes v. Williams*, 88 F.3d 898 (10th. Cir. 1996); *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th. Cir. 1993). In her response, Plaintiff argues, "Jeff Baumer was named as '<u>employee of Williams Energy Services in managerial and supervisory capacity</u>." (Pl.'s Resp. Br. at 2, emphasis in original.) "Supervisors and managers may not be held liable in their individual capacities as agents of the employer, even though they possess authority to act on behalf of the employer." Phillip J. Pfeiffer, EMPLOYMENT DISCRIMINATION LAW at 762 (ABA 2000 Supp.), citing, *inter alia, Haynes*, 88 F.3d at 901. Indeed, Plaintiff appears to recognize this rule in concluding, "Nowhere in the complaint does it state that Jeff Baumer is being sued individually as an employer." (Pl.'s Resp. at 2.) The Title VII claim cannot stand against Defendant Baumer.

*Breach of Contract*

Again, Plaintiff's response moots this issue.[1] The breach of contract claim should therefore also be dismissed as to Defendant Baumer.

*Public Policy*

In her third cause of action, Plaintiff challenges "Right Way-Right Result" as a proper foundation for the reduction-in-force and her termination. Plaintiff's response, again, concedes, "plaintiffs [sic] Third Cause of Action is not against Baumer in his individual capacity." *Ibid*. at 3.

## O R D E R

For the above stated reasons, Defendant Baumer's motion is GRANTED and the complaint is DISMISSED as to him.

Dated at Albuquerque this 30th day of July, 2002.

 _____
 BRUCE D. BLACK
 United States District Judge

---

[1] In her response on the breach of contract claim, Plaintiff says, "Again, defendant Baumer is not being sued individually. Nowhere in the complaint is there a statement indicating Baumer is being sued individually." *Id.*

3

**For Plaintiff:**

    Jessica Platero, *pro se*, Aztec, NM

**For Defendant:**

    Charles J. Vigil, Jeffrey L. Lowry, RODEY DICKASON SLOAN AKIN & ROBB, Albuquerque, NM