**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

———————

JESSICA PLATERO,

        Plaintiff,

v.                                                                                      No. CIV 01-1318 BB/WDS

JEFF BAUMER, DAVID SANDERS, and
WILLIAMS ENERGY SERVICES,

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court for consideration of a second motion for summary judgment (Doc. 55) filed by Defendant Williams Energy Services. The Court has reviewed the submissions of the parties, the Tenth Circuit opinion reversing and remanding the prior summary judgment granted Defendant, and the relevant law. For the reasons set forth below, Defendant's second motion for summary judgment will be granted and this case dismissed.

This case arises out of the termination of Plaintiff's employment with Defendant as a result of a reduction in force ("RIF") that occurred in May and June of 2000. Following the RIF, Plaintiff exhausted her administrative remedies and then filed this lawsuit. This Court granted Defendant's first motion for summary judgment and dismissed the case, finding that Plaintiff had not raised a genuine issue of material fact as to whether Plaintiff's termination was motivated by discrimination of any kind. The Tenth Circuit, in an opinion filed September 3, 2004, reversed and remanded for further proceedings. *Platero v. Baumer*, 2004 WL 1173187 (10th Cir. unpublished). The Tenth Circuit explicitly stated that the case was not being remanded for trial, but for further proceedings,

and indicated those further proceedings could include a properly supported, renewed motion for summary judgment. *Id.*

In response to the Tenth Circuit's invitation, Defendant has filed its second motion for summary judgment. Defendant has submitted evidence which, according to Defendant, satisfies deficiencies identified by the Tenth Circuit and entitles Defendant to summary judgment. A brief discussion of this Court's prior opinion and the Tenth Circuit's response is necessary, to determine whether Defendant's contention is correct.

This Court's prior grant of summary judgment was essentially based on the following analysis: (1) Defendant offered evidence that Plaintiff scored lower on her RIF evaluation tool, the Right Way Right Results ("RWRR") form, than did any of the three similarly-situated employees who did not lose their jobs in the RIF; (2) Plaintiff's only evidence that the RWRR score might not be correct was the fact that Plaintiff scored lower in several areas than she had been rated in her annual performance evaluation; but (3) these lower scores did not raise an issue of fact as to the validity of the RWRR evaluation, because the RWRR evaluation was performed by a different individual, who was in charge of the RIF, than was the annual performance evaluation, which was filled out by Plaintiff's direct supervisor.[1]

The Tenth Circuit disagreed with the Court's determination that the difference in evaluators rendered immaterial the differences between Plaintiff's annual performance evaluations and her RWRR scores. Instead, the Court of Appeals held those differences created a genuine issue of material fact precluding summary judgment. In doing so, however, the Tenth Circuit made the

---

[1]This Court decided that in the context of a RIF, which is not a termination for poor performance but is simply a result of a relative ranking among similarly-situated employees, it is the opinion of the person in charge of ranking the employees, and not of the employee's supervisor, that is relevant.

following statements: (1) "It is also possible that with additional evidence defendant could show that the discrepancies are merely artifacts of different (but still legitimate) purposes and standards operative in the RWRR context"; and (2) "Nor has defendant attempted to establish that the inconsistencies in plaintiff's ratings were legally immaterial, in that all similarly situated employees retained in the RIF outscored plaintiff on both the RWRR and their employee evaluations." Defendant has seized on both of these statements and has presented evidence which, according to Defendant, satisfies both of them and negates any genuine issue of material fact in this case.

The additional evidence not previously presented to the Court, but on which Defendant relies in support of the current motion, includes evidence explaining the basis for the RWRR evaluations. According to Mr. Baumer, the person making the final decisions as to the RIF, the RWRR evaluations were based to a significant extent on input from an employee's customers, to a lesser extent on the most recent performance evaluations, and on certain test scores. [Exh. D, MSJ] Those test scores were the result of an independent testing agency's examinations of the employees' proficiencies at using the Excel and Word software. [Exh. C, MSJ, Garcia affid.] Plaintiff scored lower on these proficiency tests than did all three of the similarly-situated employees who were retained by Defendant. [*Id.*] Also, Defendant presented evidence that all three of those similarly-situated employees had higher ratings on their last annual performance evaluation than did Plaintiff, and scored higher on their RWRR evaluations as well. [*Id.*; Exhs. E, F, G, H, evaluations for Plaintiff and other employees] Defendant argues that this evidence shows both that the performance evaluations and RWRR evaluations were "artifacts of different ... standards" and that the differences between the performance evaluations and the RWRR evaluations are "legally immaterial" as stated in the Tenth Circuit's opinion.

3

In response to Defendant's evidence, Plaintiff points to no evidence of her own that might contradict Defendant's showing. Instead, Plaintiff contends crucial parts of the evidence submitted by Defendant should not be considered by the Court. Plaintiff argues that Patricia Garcia was not disclosed as a witness in the pretrial report, and the performance evaluations of the similarly-situated employees were not disclosed as exhibits during discovery. Under Rules 26 and 37 of the Federal Rules of Civil Procedure, therefore, Plaintiff argues this evidence should not be considered in ruling on Defendant's motion for summary judgment. The Court disagrees. It is true that Rules 26 and 37 apply to the summary-judgment process as well as at trial. *See Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004). However, these rules should be applied to exclude evidence only where the opposing party can establish she was prejudiced by the failure to timely disclose that evidence. *Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (district court did not abuse its discretion in refusing to strike affidavit submitted in support of summary judgment, since there was no unfair surprise to opposing party). In Defendant's reply to Plaintiff's response, Defendant points out that Patricia Garcia was identified to Plaintiff as a potential witness in July 2003, just prior to the first summary judgment entered in this case. [Exh. A, Reply] Furthermore, after the Tenth Circuit issued its opinion in this case, Defendant made a supplemental disclosure of witnesses and exhibits, identifying the performance evaluations of all three similarly-situated employees as potential exhibits in this case. [Exh. B, Reply][2] Finally, Plaintiff has not indicated how she was prejudiced by the lack of earlier disclosure of either the witness or the documents, and has not explained how it would be unfair for the Court to consider them at this time. Instead, Plaintiff simply argues the evidence should

---

[2]Plaintiff has not attempted to challenge the accuracy of Defendant's assertions in the reply brief, or of the exhibits attached thereto, establishing that a supplemental disclosure was made.

be excluded. Since the evidence was disclosed to Plaintiff in ample time to allow Plaintiff to respond to it, the Court will deny Plaintiff's request that the evidence be excluded.

Given the above determination, the situation in this case is as follows: the Tenth Circuit has stated that if there is undisputed evidence that the retained employees scored higher than Plaintiff on both their performance evaluations and the RWRR evaluations, any discrepancy between Plaintiff's own RWRR and performance evaluations will be considered legally immaterial; and Defendant has submitted exactly the evidence discussed by the Tenth Circuit.[3] If the Tenth Circuit's statement is binding on this Court, the Court would have no choice but to rule in Defendant's favor under the law-of-the-case doctrine. However, since the statement in the Tenth Circuit's opinion was not necessary to the disposition of the case, or of any issue in the case, it is considered dictum and is not binding on remand. *In re: Meridan Reserve, Inc.*, 87 F.3d 406, 409-10 (10th Cir. 1996) (dicta is neither law of the case nor binding precedent); *Rebel Oil Co., Inc. v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093-94 (9th Cir. 1998) (dicta not binding on remand).

Although the Tenth Circuit's "legally immaterial" statement is not binding, it is persuasive because it is an accurate reflection of the law and facts in this case. *See PDV Midwest Refining, L.L.C.,* 305 F.3d 498, 510 (6th Cir. 2002) (dictum may be followed if it is sufficiently persuasive). This Court interprets the Tenth Circuit's statement to mean that any discrepancy between the RWRR evaluation and the annual performance evaluations is immaterial if it is undisputed that, even if the RWRR evaluation was "raised" to a level reflecting the performance evaluations, Plaintiff would have been chosen for the RIF anyway. In other words, even if the RWRR evaluation did not accurately reflect Plaintiff's performance, and the performance evaluations did, Plaintiff would still have been

---

[3] In addition, Defendant submitted evidence that the three retained employees scored higher than Plaintiff on another test, the proficiency test for Word and Excel performance, which contributed to the RWRR results.

the one chosen for layoff because her evaluations were less favorable than the three retained employees. At this point, the evidence in this case is that Plaintiff scored lower than the other three employees in the tests of Word and Excel proficiency; received less favorable annual performance evaluations than the other three; and received a lower rating on the RWRR evaluation, which was based in part on the performance evaluations, in part on the Word and Excel tests, and in part on customer feedback. While the differences between Plaintiff's RWRR evaluation and her performance evaluations raise a question as to the accuracy of the RWRR evaluation, there is no evidence that even if the RWRR evaluation was "fixed" to match the performance evaluations, Plaintiff would have scored higher than any of the three employees who were not laid off. It is axiomatic that in a RIF situation an employer is allowed to rank its employees and choose the lowest-ranking employees for the RIF, as long as the ranking system is not a product of discrimination. *Cf. Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1168 (10th Cir. 1998) (discussing ways in which a plaintiff can establish that the employer's RIF rankings were pretextual). In sum, in this case the undisputed evidence is that, accepting Plaintiff's argument that her RWRR evaluation was too low, there is no evidence that she would have been retained as an employee even if she had received an evaluation fairly reflecting her performance in comparison to the other similarly-situated employees who were not laid off. The Court therefore agrees with the Tenth Circuit that, in the circumstances of this case, the discrepancies between Plaintiff's RWRR evaluation and her performance evaluations are legally immaterial and do not preclude a grant of summary judgment.

In addition to arguing that Defendant's evidence should not be considered, Plaintiff maintains that because subjective criteria were used to make the RIF decision, Plaintiff is entitled to an inference of discrimination. It is true that subjective criteria may be used to mask discriminatory intent, and are therefore viewed with suspicion by courts. *See, e.g., Jones v. Barnhart*, 349 F.3d 1260, 1267-68

(10th Cir. 2003). In this case, however, subjective criteria were not the only bases for Plaintiff's RWRR evaluation. Her poor performance on the Word and Excel testing was taken into account during that process. *See id.* (pretext is typically inferred only when the criteria on which the employer relies are entirely subjective in nature). Furthermore, the use of subjective criteria, standing alone, is not sufficient to allow an inference of pretext strong enough to overcome a motion for summary judgment. *See, e.g., Pitre v. W. Electric Co.*, 843 F.2d 1261, 1272 (10th Cir. 1988) (use of subjective factors does not per se constitute discrimination). The evidence in this case is that Plaintiff was rated lower than the other similarly-situated employees on every rating tool--the computer-skills testing, the performance evaluations, and the RWRR evaluations. The fact that subjective criteria played a part in the final RWRR rating is not sufficient to raise a genuine question of material fact as to whether discrimination played a role in the selection of Plaintiff for layoff.   **Conclusion**

Based on the foregoing, the Court finds that Defendant has presented uncontradicted evidence satisfying the Tenth Circuit's suggestion in its opinion concerning the relative ranking of Plaintiff against the retained similarly-situated employees. Furthermore, the Court agrees with the Tenth Circuit's observation that this relative ranking renders legally immaterial the discrepancies between Plaintiff's RWRR evaluation and her performance evaluations. Therefore, the Court will grant Defendant's second motion for summary judgment.

Dated this 27th day of December, 2004.

_____
BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Dennis W. Montoya

**For Defendant**:
Charles J. Vigil